UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLISON BRIDGES,<br>*[address filed under seal]*<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE,<br>1215 S. Clark St.<br>Arlington, Virginia 22202<br><br>    Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Allison Bridges submits this Complaint for declaratory and injunctive relief finding Defendant United States Marshals Service has violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and ordering it to comply with its obligations.

### Introduction

1. On or about May 19, 2025, Plaintiff Allison Bridges ("Plaintiff") submitted a written request under FOIA for records held by Defendant United States Marshals Service ("Defendant" or the "USMS") pertaining to her father, James Allen Bridges. Mr. Bridges died in the custody of USMS at the Robert A. Deyton Detention Facility in Lovejoy, Georgia, a private facility run by GEO Group pursuant to a services contract with USMS. The requested records concern Mr. Bridges's detention in USMS's custody as well as his death; Plaintiff seeks answers about how and why her father suddenly passed away while in detention. To date, however, the USMS has completely failed its obligations under FOIA to provide the public records that Plaintiff seeks. Accordingly, Plaintiff requests that this Court order USMS to comply; enjoin USMS from

further neglecting its duties under federal law; and reimburse Plaintiff the legal fees and costs she has incurred in bringing this action.

## Parties, Jurisdiction, Venue

2. Plaintiff Allison Bridges resides in North Carolina and is otherwise *sui juris*. She is the daughter and next of kin of James Allen Bridges, an individual held by Defendant at a facility in Lovejoy, Georgia at the time of his death. Mr. Bridges died in Defendant's custody December 6, 2024.

3. Defendant United States Marshals Service is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of the Department of Justice, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). USMS is headquartered in Arlington, Virginia. USMS has possession, custody, and control of the records requested by Plaintiff.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

5. Venue is proper in this District under 28 U.S.C. § 1391(e) and 5 U.S.C. § 522(a)(4)(B).

## The FOIA Request – 2025-USMS-001377

6. On May 19, 2025, Plaintiff, through counsel, issued a FOIA request to Defendant seeking all records in the Defendant's possession, custody, or control concerning her father's classification/central files, medical records, grievances, and all reports and records related to his death.

7. On May 21, 2025, USMS issued a processing letter acknowledging receipt of the FOIA request. That letter did not deny or grant Plaintiff's request but informed her that the request

was assigned a tracking number, USMS invoked the "unusual circumstances" 10-day extension of the time to respond to the request, and the request was placed in the "complex" queue.

8. On May 27, 2025, USMS updated Plaintiff to inform her that the request was "in process." According to the USMS FOIA portal, the request's status remains "in process."

9. To date, Plaintiff has received no substantive response or records.

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination

Plaintiff Allison Bridges reincorporates and realleges paragraphs 1 through 9 above as if fully set forth herein.

10. Plaintiff properly submitted her FOIA request, seeking records within the possession, custody, and control of USMS.

11. USMS is obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to Plaintiff's request.

12. Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

13. The 20-day deadline by which USMS was required to communicate its determination—even with the additional 10 working days for "unusual circumstances"—has lapsed.

14. Plaintiff has a statutory right to the records she seeks, and there is no basis for USMS to withhold them.

15. As of the filing of this Complaint, the USMS has not provided Plaintiff any determination on her FOIA request.

16. Because no basis exists for USMS's failure to respond, it has violated FOIA.

17. Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, Plaintiff has exhausted her administrative remedies.

## COUNT II

### Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for and Release Records

Plaintiff Allison Bridges reincorporates and realleges paragraphs 1 through 9 above as if fully set forth herein.

18. Plaintiff properly submitted her FOIA request, seeking records within the possession, custody, and control of USMS.

19. USMS is obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to Plaintiff's request.

20. USMS failed to satisfy the requirement to search and release of records in the FOIA request and failed to provide any justification for its failure.

21. As a result of USMS's failure to conduct an adequate search and promptly produce the materials requested by Plaintiff, it has violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

**Requested Relief**

Plaintiff Allison Bridges respectfully requests that the Court:

A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B. Declare that USMS's failure to respond and produce the requested records is unlawful;

C. Declare that Plaintiff is entitled to disclosure of the requested records;

D. Order the USMS to immediately process and disclose all records responsive to the FOIA request that are not specifically exempt from disclosure under FOIA;

E. Enjoin USMS from continuing to withhold any and all nonexempt records responsive to the FOIA request;

F. Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

G. Grant all other relief that the Court deems just and proper.

Dated: August 1, 2025

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Allison Bridges*